IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL J. LONGS II,<br><br>      Plaintiff,<br><br>vs.<br><br>STEVEN D. WHERRY, AMY GOODRO, and LINCOLN POLICE DEPARTMENT,<br><br>      Defendants. | 4:18CV3153<br><br>**MEMORANDUM AND ORDER** |

  Plaintiff filed a Complaint on November 5, 2018, when he was incarcerated at the Lancaster County Department of Corrections. (Filing No. 1.) He has been given leave to proceed in forma pauperis.[1] (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. For purposes of this initial review, the Complaint includes Plaintiff's supplemental filing (filing no. 8).

---

[1] Plaintiff filed his Complaint in this matter on November 5, 2018, while he was incarcerated. The court granted him leave to proceed in forma pauperis on November 19, 2018, also while he was incarcerated. On April 12, 2019, the clerk of the court received correspondence from the Lancaster County Department of Corrections indicating Plaintiff was no longer incarcerated there. (*See* Filing No. 15.) As directed by the court (*see* filing no. 16), Plaintiff filed a change of address on April 23, 2019, confirming that he is no longer incarcerated. (*See* Filing No. 17.) At the time Plaintiff updated his address, the court should have required Plaintiff to file a new application for leave to proceed in forma pauperis if he wishes to continue pursuing this case in forma pauperis or, in the alternative, pay the court's $400.00 filing and administrative fees since he is no longer incarcerated. As the court is giving Plaintiff leave to amend his Complaint, the court will also direct Plaintiff to address the matter of his authorization to continue to proceed in forma pauperis in this matter.

# I. SUMMARY OF COMPLAINT

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 against Steven D. Wherry ("Wherry"), Amy Goodro ("Goodro"), and the Lincoln Police Department. Plaintiff alleged:

> On November 28, 2017, Steven D. Wherry for the Lincoln Police Department knowingly, willingly, and intentionally perjured himself under oath on the stand for the state's prosecutor, Amy Goodro. He fabricated an arrest warrant under oath as well after reading reports from Officer Peth, [and] he perjured himself and left out vital information in order to arrest and kidnap me.

(Filing No. 1 (spelling, capitalization, and punctuation corrected).) Plaintiff attached to his supplemental filing (filing no. 8) the transcript from the preliminary hearing in *State v. Longs*, Case No. CR17-10082, in the County Court of Lancaster County, Nebraska, which contains Wherry's testimony at the hearing and a copy of the arrest affidavit signed by Wherry regarding the investigation of Plaintiff for the alleged assault of his intimate partner.

Plaintiff further alleged that Goodro "helped author the fabricated affidavit" and both Goodro and Wherry "have threatened the alleged victim" with Wherry telling the victim "he would 'doctor' up the reports after she told him [Plaintiff] was in fact innocent." (Filing No. 1.)

Plaintiff alleged he was jailed, assaulted, damaged, and injured as a result of Defendants' actions and asks for $100,000,000.00 in damages as relief.

# II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See*

28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

# III. DISCUSSION

## A. Lincoln Police Department

As an initial matter, Plaintiff cannot maintain his § 1983 action against the Lincoln Police Department because it is not a distinct legal entity amenable to suit under § 1983. See *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"). Accordingly, the Lincoln Police Department will be dismissed as a defendant.

## B. Amy Goodro

Plaintiff sued the prosecutor in the state county court proceedings, Deputy Lancaster County Attorney Amy Goodro. (Filing No. 1; Filing No. 8 at CM/ECF p. 2.) Plaintiff alleged Goodro presented Wherry's perjured testimony during Plaintiff's preliminary hearing and helped Wherry author the fabricated arrest affidavit.

Plaintiff's claims against Goodro must be dismissed because prosecutors "are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003)). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id*. Allegations that a prosecutor presented false testimony or withheld evidence do not defeat prosecutorial immunity. *See Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (overruled on other grounds). *See also Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir.1986) (holding that a prosecutor's alleged "use of perjured testimony and the non-disclosure of exculpatory information are

certainly entitled to absolute immunity."). Thus, the court will dismiss Goodro from this action as she is entitled to absolute immunity.

**C. Steven D. Wherry**

Liberally construed, Plaintiff alleges Wherry submitted a false affidavit to obtain a warrant for Plaintiff's arrest in violation of the Fourth Amendment. "A warrant based upon an affidavit containing deliberate falsehood or reckless disregard for the truth violates the Fourth Amendment and subjects the officer who submitted the affidavit to § 1983 liability." *Schaffer v. Beringer*, 842 F.3d 585, 593 (8th Cir. 2016) (quoting *Block v. Dupic*, 758 F.3d 1062, 1063 (8th Cir. 2014)), *cert. denied*, 137 S. Ct. 2299 (2017).

The court believes the Complaint fails to allege sufficient facts to state a plausible Fourth Amendment claim against Wherry in his *individual* capacity as Plaintiff has only included bare, conclusory allegations that Wherry "perjured" himself and omitted unspecified "vital" information. (Filing No. 1.) However, Plaintiff does not specify in what capacity Wherry is being sued, so the court must assume he is sued in his *official* capacity only. *See Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'") (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)). Liberally construed, Plaintiff's claims against Wherry are claims against the City of Lincoln. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson, supra*. To state a plausible claim against the City of Lincoln, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights.

A city may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v.*

*Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Lincoln police officers, or that Lincoln's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind the alleged constitutional violations. In other words, Plaintiff has not alleged that the City of Lincoln has a policy or custom of violating citizens' Fourth Amendment rights. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against the City of Lincoln across the line from conceivable to plausible.

On the court's own motion, Plaintiff will have 30 days in which to file an amended complaint that sufficiently alleges a Fourth Amendment claim against

Wherry in his *individual* capacity. In his amended complaint, Plaintiff should be mindful to clearly explain what the defendant did to him, when the defendant did it, and how the defendant's actions harmed Plaintiff. Plaintiff is advised that any amended complaint he files will supersede his original Complaint.

IT IS THEREFORE ORDERED that:

1. Defendants Amy Goodro and the Lincoln Police Department are dismissed from this action with prejudice and without leave to amend.

2. Plaintiff shall have until **July 29, 2019**, to amend his Complaint to state a plausible Fourth Amendment claim against Defendant Wherry in his individual capacity. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. **Plaintiff is warned that an amended complaint will supersede, not supplement, his Complaint.**

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

5. In addition, by **July 29, 2019**, Plaintiff must either file a new request for leave to proceed in forma pauperis or pay the court's $400.00 filing and administrative fees. Failure to take either action will result in dismissal of this matter without further notice to Plaintiff.

6. The clerk of the court is directed to send to Plaintiff the Form AO 240, "Application to Proceed Without Prepayment of Fees and Affidavit."

7. The clerk of the court is directed to remove Amy Goodro and the Lincoln Police Department as defendants in this matter.

8. The clerk of the court is directed to set a pro se case management deadline using the following text: **July 29, 2019**: deadline for amended complaint and new IFP application or pay filing fee.

Dated this 27th day of June, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge